OPINION
{¶ 1} Defendant-appellant William K. Williams appeals from a judgment entry sentencing him to imprisonment for eight years for Felonious Assault. Williams's appellate counsel has filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, concluding that he could find no potential assignments of error having arguable merit. *Page 2 
By entry filed herein on October 25, 2007, we advised Williams that he had sixty days within which to file his own, pro se brief. He has not done so.
 {¶ 2} We have performed our independent duty, under Anders v.California, supra, to review the record and determine whether there are any potential assignments of error having arguable merit. We have found none.
 {¶ 3} Williams was charged by indictment in 2004 with one count of Felonious Assault, one count of Abduction, one count of Retaliation, and one count of Intimidation. Ultimately, Williams pled guilty to one count of Felonious Assault, and the other counts were dismissed. Williams was sentenced to imprisonment for eight years, the maximum sentence for Felonious Assault.
 {¶ 4} In January, 2005, Williams appealed from his sentence. We reversed his sentence, and remanded for re-sentencing, under the authority of State v. Foster, supra. The trial court held a new sentencing hearing, in accordance with our mandate, at which the State, Williams, and his attorney, had the opportunity to speak. The State argued that the severity of the victim's injuries, which included a fractured jaw, militated in favor of the maximum sentence of eight years. Williams's attorney argued for a lighter sentence, in view of Williams's age — 67. Williams, himself, addressed the court. He argued that he was not responsible, that the victim and others had stolen from him or defrauded him, and had precipitated violence by having threatened him. The trial court evidently did not credit Williams's attempt to shift responsibility for his acts, and imposed the maximum sentence of eight years.
 {¶ 5} Under State v. Foster, supra, a trial court has discretion to choose an *Page 3 
appropriate sentence for a felony conviction, based on the statutory principles of sentencing, which the trial court is presumed to have followed, in the absence of some contrary indication in the record. The judgment entry of conviction and sentence from which this appeal is taken, entered in 2007, recites that the trial court considered the statutory principles of sentencing, and we find nothing in the record to impeach that recital.
 {¶ 6} We have found nothing in this record from which a plausible argument can be made that the sentence imposed constitutes an abuse of discretion. Nor have we found any other potential assignment of error having arguable merit. We conclude that this appeal is wholly frivolous.
 {¶ 7} The judgment of the trial court is Affirmed.
 WOLFF, P.J., and GRADY, J., concur. *Page 1